**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| ABSOLUTE BUSINESS SOLUTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. et al., <br><br> Defendants. | 2:15-cv-01325-RCJ-NJK |
| IRMA MENDEZ, <br><br> Plaintiff, <br><br> vs. <br><br> WRIGHT, FINDLAY AND ZAK LLP et al., <br><br> Defendants. | 2:16-cv-01077-RCJ-NJK <br><br> **ORDER** |

These related cases arise out of a homeowners' association foreclosure sale. Several motions are pending in two of the cases.

**I.      FACTS AND PROCEDURAL HISTORY**

**A.      Factual Background**

In 2005, Irma Mendez purchased real property at 3416 Casa Alto Ave., North Las Vegas, Nevada, 89031 (the "Property") for $315,000, giving the lender a promissory note for $252,792

and a deed of trust against the Property securing the note. When Mendez became delinquent on her monthly assessment fees, Alessi & Koenig ("A&K") conducted a trustee's sale to Absolute Business Solutions, Inc. ("ABS") on behalf of Fiesta Del Norte HOA (the "HOA").

### B. The '314 Case (2:15-cv-314)

On February 23, 2015, Plaintiff sued A&K, the HOA, Complete Association Management Co., LLC ("CAMCO"), ABS, and Amir Hujjuttallah in this Court on eight causes of action: (1) wrongful foreclosure; (2) violations of constitutional rights; (3) Nevada Unfair Trade Practices Act ("NUTPA"); (4) Fair Debt Collection Practices Act ("FDCPA"); (5) Fraud; (6) Unjust Enrichment; (7) Racketeering; and (8) Breach of Contract and Fiduciary Duties. CAMCO moved to dismiss for failure to state a claim, and the HOA and A&K joined the motion. ABS and Hujjuttallah separately moved to dismiss under *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942), and the HOA joined the motion. The Court denied the second motion but granted the first motion in part, with leave to amend in part. Specifically, the Court dismissed the claims for unjust enrichment, racketeering, breach of fiduciary duty, and the claims under Nevada Revised Statutes sections ("NRS") 598.0915(1) and (15), 42 U.S.C. § 1983, and 15 U.S.C. §§ 1692f(6), 1692g(c), 1692i(b), and 1692k, without leave to amend. The Court dismissed the claim for fraud and the claims under 15 U.S.C. §§ 1692d, 1692e, and 1692j(a), with leave to amend. The Court refused to dismiss the claims for wrongful foreclosure and breach of contract and the claims under NRS 598A.060(1)(12) and 15 U.S.C. § 1692f(1).

Mendez filed the First Amended Complaint ("FAC"), listing five causes of action: (1) wrongful foreclosure; (2) NUTPA; (3) FDCPA; (4) Fraud; and (5) Breach of Contract. CAMCO filed two identical (or nearly identical) motions to dismiss the FAC, and the HOA joined the first motion. A&K filed a separate motion to dismiss, which the HOA joined. The Court denied the motions as against the wrongful foreclosure claim, based on Mendez's allegations that

Defendants wrongfully rejected her attempt to redeem the default before the foreclosure sale. The Court denied the motions as against the claim of bid rigging under NRS 598A.060(1)(12), based on Mendez's allegation that the foreclosure sale occurred in the private offices of the auctioneer for approximately 10% of the Property's fair market value. Mendez also alleged violations of 15 U.S.C. §§ 1692d, 1692f, and 1692g. The Court dismissed the claims under §§ 1692d and 1692g and dismissed the § 1692f claim as against CAMCO but not as against the HOA or A&K. The Court dismissed the fraud claim. Finally, the Court permitted the breach of contract claim to proceed as against the HOA, based on Mendez's allegations that the HOA failed to obtain the consent of 2/3 of homeowners in the HOA before pursuing foreclosure as allegedly required by the CC&R.

The Court granted a motion to amend the FAC in part, and Mendez filed the Second Amended Complaint ("SAC"), listing four causes of action: (1) wrongful foreclosure (the HOA, CAMCO, A&K, Absolute Collection Services, LLC ("ACS")); (2) NUTPA bid rigging (A&K, Kendrall Williams, ABS, Hujjutallah); (3) FDCPA § 1692f (the HOA and A&K); and (4) Breach of Contract (the HOA). Mendez moved for offensive summary judgment on the FDCPA claim, and the HOA countermoved for defensive summary judgment against that claim. Three groups of defendants separately moved to dismiss. The Court granted the HOA's motion for summary judgment, ruling that it was not a "debt collector" under the FDCPA. The Court dismissed Williams, JimiJack Irrevocable Trust, Joel A. Stokes, Sandra F. Stokes, and ACS for failure to state a claim. The Court denied leave to amend to plead quiet title actions against any of those parties, because it was clear that Mendez had already filed such a claim in another case pending in the District.

///

///

C.     **The '1325 Case (2:15-cv-1325)**

Before Mendez filed the '314 Case in this Court, ABS had sued Mendez, Mortgage Electronic Information Systems, Inc. ("MERS"), and Bank of America, N.A. ("BOA") in state court to quiet title to the Property. A&K filed a Complaint in Interpleader in Intervention, naming Mendez, James McCord, BOA, and Crossbox as defendants in interpleader. Federal National Mortgage Association ("Fannie Mae") intervened as a defendant and removed on July 13, 2015, making the '1325 Case the second case filed in or removed to this District. Fannie Mae counterclaimed to quiet title and for unjust enrichment. The Federal Housing Finance Agency ("FHFA"), who intervened as Fannie Mae's conservator, also counterclaimed to quiet title. Judge Mahan denied Mendez's motion for a preliminary injunction to enjoin the present owners from distributing any monies collected from the current tenant.

D.     **The '1077 Case (2:16-cv-1077)**

On May 13, 2016, Mendez sued Fannie Mae's attorneys Wright, Findlay and Zak LLP ("WFZ"), Seterus, Inc., Fannie Mae, BOA, Joel and Sandra Stokes, and JimiJack in this Court variously for quiet title, slander of title, fraud, violation of the Dodd–Frank Act, negligence, declaratory relief, FDCPA violations, Nevada Unfair Business Practices Act violations, and breach of contract.

E.     **Pending Motions**

In the '1325 Case, Mendez has filed a motion for summary judgment, asking the Court to set aside the foreclosure sale or ordering A&K to release the funds from the sale to Mendez. ABS has also filed a motion for summary judgment, asking the Court to declare that the HOA sale of the Property extinguished Mendez's interest in the Property and that ABS's title in the Property is superior to Mendez's. Mendez has also asked the Court to sanction Fannie Mae's

attorneys for various acts in representing Fannie Mae, e.g., recording certain documents concerning the Property.

In the '1077 Case, Seterus and WFZ have moved to dismiss, and Mendez has moved to dismiss counterclaims by the Stokeses and JimiJack for abuse of process and conspiracy to commit abuse of process.

## II.     LEGAL STANDARDS

### A.     Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just

"possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B. Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v.*

1  *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute,
2  the opposing party need not establish a material issue of fact conclusively in its favor. It is
3  sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the
4  parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*
5  *Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid
6  summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor*
7  *v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the
8  assertions and allegations of the pleadings and set forth specific facts by producing competent
9  evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S.
10 at 324.

11      At the summary judgment stage, a court's function is not to weigh the evidence and
12 determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477
13 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are
14 to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely
15 colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.
16 Notably, facts are only viewed in the light most favorable to the nonmoving party where there is
17 a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).  That is, even if
18 the underlying claim contains a reasonableness test, where a party's evidence is so clearly
19 contradicted by the record as a whole that no reasonable jury could believe it, "a court should not
20 adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*
21 ///
22 ///
23 ///
24 ///

## III. ANALYSIS

### A. The Motions in the '1325 Case

#### 1. Fannie Mae's and FHFA's Motion to Consolidate

Movants ask the Court to consolidate the '1325 Case into a putative class action pending before Chief Judge Navarro. Movants have brought that class action for a declaration against a defendant class that 12 U.S.C. § 4617(j)(3) preempts state law foreclosure sales insofar as such sales purport to destroy any interest held by Movants. The Court denies the motion. That issue is only one of many in the present case, and this Court has agreed with Chief Judge Navarro's analysis of the issue in other cases. Consolidation of the present case will be judicially uneconomical, as this case and two related cases concern many claims and issues irrelevant to the preemption issue.

#### 2. Mendez's and ABS's Motions for Summary Judgment

The Court denies Mendez's motion for two reasons. Mendez has filed no pleading asking the Court to grant her any of the alternative relief she seeks (reversal of the sale or return of monies). Mendez is only a party to the '1325 Case in the capacity of a quiet title defendant. At most, then, the Court could grant her defensive summary judgment against ABS's quiet title claim against her. But the Court will not do that, because the state court already denied defensive summary judgment to Mendez on January 27, 2015 before the case was removed, finding there to be genuine issues of material fact. (*See* Hr'g Tr., ECF No. 3-9, at 5 in Case No. 2:15-cv-1325; Order, ECF No. 3-10, at 97 in Case No 2:15-cv-1325).

The Court also denies ABS's motion for offensive summary judgment on the quiet title claim. Even assuming no statutory irregularities in the foreclosure sale, there is sufficient evidence of commercial unreasonableness in the sale to put the issue before a jury. The trustee's sale was for $20,600. (*See* Trustee's Deed, ECF No. 30-2). The Property was worth roughly

eight times that amount, even assuming it had lost half its value by the time of the sale in 2013 since its purchase for $315,000 in 2005. That is enough to put the issue to a jury under *Levers v. Rio King Land & Inv. Co.*, 560 P.2d 917, 919–20 (Nev. 1977).

### 3. Mendez's Motion for Sanctions

The Court denies this motion. Mendez complains of WFZ's "fraudulent unauthorized conveyances of documents against borrower's chain of title on her security instrument." Mendez cites only former Nevada Supreme Court Rule 173 concerning fairness to parties and counsel. Moreover, her complaints do not concern activity in this Court. The motion ultimately goes to the merits of the claims.

## B. The Motions in the '1077 Case

### 1. Seterus's and WFZ's Motion to Dismiss

Movants first argue that Mendez's claims in the '1077 Case were compulsory counterclaims or crossclaims in the '1325 Case. Counterclaims must be brought in the original case if they "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim; and do[] not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1)(A)–(B). Crossclaims may be brought in the original case if they "arise[] out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g).

The "original case" here is the '1325 Case. There, ABS sued Mendez, MERS, and BOA to quiet title. In the '1077 Case, Mendez has sued WFZ, Seterus, Inc., Fannie Mae, BOA, Joel and Sandra Stokes, and JimiJack for quiet title and other acts arising out of the foreclosure of the Property and subsequent events related to it. The Court finds that Mendez's claims in the '1077 Case were not compulsory in the '1325 Case, because only claims against ABS were compulsory

in that case. ABS is not a defendant in the '1077 Case. And under Rule 13(g), crossclaims are permissive. The risk of inconsistent rulings does not require the Court to dismiss any claims in the '1077 Case under any other doctrine, because the cases are now all pending before the same Court. The Court will adjudicate the first-filed claims in the case of any conflict, and the later-filed claims will then be precluded as a matter of law.

Movants next argue that the fraud claim is not pled with particularity, as required under Rule 9(b). The elements of common law fraud in Nevada are:

1. A false representation made by the defendant;

2. Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation);

3. Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation;

4. Plaintiff's justifiable reliance upon the misrepresentation; and

5. Damage to the plaintiff resulting from such reliance.

*Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992) (citing *Lubbe v. Barba*, 540 P.2d 115, 117 (Nev. 1975)). Circumstances constituting fraud or mistake must be stated with particularity. Fed. R. Civ. P. 9(b). A Plaintiff must plead facts such as "he bought a house from defendant, that the defendant assured him that it was in perfect shape, and that in fact the house turned out to be built on a landfill . . . ." *Warshaw v. Xoma Corp.*, 74 F.3d 955, 960 (9th Cir. 1996) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1995) (en banc)).

Plaintiff alleges that certain documents recorded by various Defendants were "fraudulent," meaning that they contained false information as to ownership, etc., or were "forged." Even if Plaintiff had sufficiently alleged the who, what, where, when, and how of the alleged false statements as required by Rule 9(b)—which she has not—she has not alleged that she relied on any false documents herself, as required to state a claim for fraud. Plaintiff only

alleges that she was harmed by the allegedly fraudulent recordings, not that the harm resulted from her reliance on their truth.  To the contrary, Plaintiff implies that she has never believed any of the allegedly fraudulent statements.  The Court dismisses this claim, with leave to amend.

Movants next argue that the claim for violations of the "Dodd–Frank Act" fails to state a claim because it does not identify any section of code.  They argue that leave to amend should not be granted because the Dodd-Frank Wall Street Reform and Consumer Protection Act created no private right of action.  The Court agrees. *See, e.g.*, *Levine v. Entrust Grp., Inc.*, No. C12-03959, 2013 WL 1320498, at *7 (N.D. Cal. Apr. 1, 2013).

Movants next argue that Mendez fails to state a claim under the FDCPA because the affirmative defense of the statute of limitations appears on the face of the Complaint.  Specifically, Mendez complains of alleged charges for attorney's fees as collection costs on an account statement dated February 19, 2015, but she did not file suit until May 13, 2016, and the statute of limitation is one year. *See* 15 U.S.C. § 1692k(d).  The Court agrees and dismisses this claim, without leave to amend.

Finally, Movants argue that the claim under Nevada Revised Statutes section ("NRS") 598.0915 fails because there is no private cause of action under that statute.  The Court rejects that argument under the very authority quoted by Movants:

> NRS Chapter 598 generally provides for a public cause of action for deceptive trade practices.  NRS 41.600, however, provides for a private cause of action by a person who is a victim of consumer fraud and defines "consumer fraud" to include "[a] deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive." NRS 41.600(2)(d).

*Nev. Power Co. v. Eighth Jud. Dist. Ct.*, 102 P.3d 578, 583 n.7 (Nev. 2004).  Movants quote only the first sentence of this passage.  Movants do not appear to attack the claim under the standards of Rules 8(a) or 9(b).

///

### 2. Mendez's Motion to Dismiss

Mendez asks the Court to dismiss the Stokeses' and JimiJack's counterclaims for abuse of process and conspiracy. Counterplaintiffs allege Mendez has abused the legal process "by her actions in instituting this legal action . . . for the improper purpose of annoying, harassing and embarrassing" them and that she engaged in a conspiracy to do so with yet unknown persons who are allegedly ghostwriting her papers. "[T]he elements of an abuse of process claim are: '(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding.'" *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002) (quoting *Posadas v. City of Reno*, 851 P.2d 438, 444–45 (Nev. 1993) (quoting *Kovacs v. Acosta*, 787 P.2d 368, 369 (Nev. 1990))). The Court will dismiss the counterclaims, with leave to amend. Filing a complaint alone does not satisfy the second element of the claim. *Land Baron Invs., Inc. v. Bonnie Springs Family Ltd. P'ship*, 356 P.3d 511, 520 (Nev. 2015).

///

///

///

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Consolidate (ECF No. 20 in Case No. 2:15-cv-1325) is DENIED.

IT IS FURTHER ORDERED that the Motions for Summary Judgment (ECF Nos. 24, 30 in Case No. 2:15-cv-1325) are DENIED.

IT IS FURTHER ORDERED that the Motion for Sanctions (ECF No. 45 in Case No. 2:15-cv-1325) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 11 in Case No. 2:16-cv-1077) is GRANTED IN PART and DENIED IN PART, with leave to amend in part.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 18 in Case No. 2:16-cv-1077) is GRANTED, with leave to amend.

Dated this 2nd day of August, 2016.

_____
ROBERT C. JONES
United States District Judge