UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IRMA MENDEZ,<br><br>            Plaintiff,<br><br>     vs.<br><br>WRIGHT, FINDLAY AND ZAK LLP et al.,<br><br>            Defendants. | 2:16-cv-01077-RJC-NJK<br><br>**ORDER** |

This case arises out of a homeowners association foreclosure sale. Now pending before the Court are a Motion to Dismiss (ECF No. 36), Motion for Clarification of Order (ECF No. 39), Motion to Set Aside Entry of Default (ECF No. 43), and Motion to Stay Proceedings (ECF No. 44). For the reasons given herein, the Court grants the Motion to Set Aside Entry of Default, Motion to Dismiss, and Motion for Clarification, and denies the Motion to Stay.

**I.   FACTS AND PROCEDURAL HISTORY**

In 2005, Irma Mendez ("Plaintiff") purchased real property at 3416 Casa Alto Ave., North Las Vegas, Nevada, 89031 (the "Property") for $315,000, giving the lender a promissory note for $252,792 and a deed of trust against the Property securing the note. When Mendez became delinquent on her monthly assessment fees, Alessi & Koenig ("Alessi") conducted a trustee's sale to Absolute Business Solutions, Inc. ("ABS"), on behalf of Fiesta Del Norte Homeowners Association (the "HOA").

The HOA sale has given rise to three lawsuits now pending before this Court: *Mendez v. Fiesta Del Norte Homeowners Ass'n*, 2:15-cv-00314 (filed Feb. 23, 2015) ("the '314 Case"); *Absolute Bus. Sols., Inc. v. Mortg. Elec. Registration Sys., Inc.*, 2:15-cv-01325 (filed July 13, 2015) ("the '1325 Case"); and the instant case, *Mendez v. Wright, Findlay and Zak LLP*, 2:15-cv-01077 (filed May 13, 2016) ("the '1077 Case"). The procedural background of these cases was detailed in the Court's August 3, 2016 Order deciding several motions in this case, (ECF No. 29), and need not be repeated here. In the August 3, 2016 Order, the Court dismissed Plaintiff's claims of fraud, violation of the Dodd-Frank Act, and violation of the Fair Debt Collection Practices Act, with leave to amend as to the fraud claim only. (ECF No. 29 at 11–12.) On September 1, 2016, the Court issued another order, stating that the August 3, 2016 Order "granted Plaintiff Irma Mendez leave to amend in part Motions to Dismiss (ECF #11 and 18 in case No. 2:16-cv-1077)," and ordering that Plaintiff's amended motions to dismiss be filed no later than September 19, 2016. (ECF No. 31 at 1.)

Subsequently, on September 9, 2016, the Clerk of the Court entered default against Defendant Bank of America, N.A. ("BOA"), due to its failure to timely file a responsive pleading or otherwise defend against Plaintiff's claims. (ECF No. 34.) Also on September 9, BOA filed a response to Plaintiff's request for entry of default, (ECF No. 35), as well as the instant Motion to Dismiss Plaintiff's claims of slander of title, negligence, and breach of implied contract, (ECF No. 36). BOA later filed the instant Motion to Set Aside Entry of Default, citing inadvertent error and excusable neglect as the reasons for its failure to answer the Complaint. (ECF No. 43.) Then, on September 22, 2016, Defendants Fannie Mae, Seterus, and Wright, Findlay and Zak ("WFZ") filed the instant Motion to Stay Proceedings pending issuance of the Ninth Circuit's mandate in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, No. 15-15233, 2016 WL 4254983 (9th Cir. Aug. 12, 2016). Finally, on September 23, 2016, three days before

Plaintiff's response to the Motion to Dismiss was due, Fannie Mae, Seterus, and WFZ joined BOA's Motion to Dismiss, additionally requesting that the Court dismiss the slander of title, negligence, and breach of implied contract claims as pled against them. (ECF No. 45.)

## II.     MOTION TO SET ASIDE ENTRY OF DEFAULT (ECF NO. 43)

### a. Legal Standard

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause." "To determine 'good cause,' a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotation marks and brackets omitted). When exercising its discretion under Rule 55, the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). The party seeking to invoke Rule 55(c) bears the burden of demonstrating that the test factors favor setting aside the default. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

The overriding judicial goal of deciding cases correctly on the merits is to be balanced with the interests of both litigants and the courts in the finality of judgments. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Accordingly, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

/ / /

**b. Analysis**

BOA asserts that its failure to timely defend in this action is the product of excusable neglect. It states that the "substantially similar nature" of the '1325 Case and the '1077 Case "led to internal calendaring errors, and, as a result, [BOA] did not timely file a response to Plaintiff's Complaint." (Mot. 2, ECF No. 43.) After learning that Plaintiff had requested the Clerk enter default, BOA promptly—the following day—filed a response to Plaintiff's request for entry of default, (ECF No. 35), and the Motion to Dismiss discussed below, (ECF No. 36).

The parties and claims in the '1325 Case and '1077 Case are different, though both actions arise from the same HOA foreclosure sale. Nonetheless, "to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092. While BOA's failure to respond is surely the result of some level of carelessness, the Court cannot find the requisite bad faith under the circumstances presented. Furthermore, as explained more fully below in the analysis of BOA's Motion to Dismiss, BOA has meritorious defenses to Plaintiff's claims. Both of these factors weigh in favor of setting aside the Clerk's entry of default.

Lastly, Plaintiff will not be prejudiced by setting aside the default. "The standard is whether [her] ability to pursue [her] claim will be hindered." *Falk*, 739 F.2d at 463. In her Response, Plaintiff has not argued prejudice nor presented any basis for a finding that she would suffer prejudice. Nor does the Court find any such basis.

Accordingly, for the foregoing reasons, the Court will set aside the Clerk's entry of default in service of the strong judicial interest of disposing of cases on their merits.

/ / /

/ / /

### III.  BOA'S MOTION TO DISMISS (ECF NO. 36)

#### a. Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the

court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a cause of action), but *Twombly* and *Iqbal* require a plaintiff also to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### b. Analysis

In her Complaint, Plaintiff alleges three claims against BOA: slander of title, negligence, and breach of implied contract. BOA moves to dismiss all three claims.

#### i. Slander of Title

To establish a slander of title claim in Nevada, the plaintiff must show the defendant made a false and malicious statement which disparaged the plaintiff's title in land causing special

damages. *Executive Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998). Recording a false document constitutes making a false statement. *Summa Corp. v. Greenspun*, 607 P.2d 569, 573 (Nev. 1980). A defendant makes a false statement maliciously if the defendant knew the statement was false or the defendant acted in reckless disregard of the statement's truth or falsity. *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983). "Where a defendant has reasonable grounds for belief in his claim, he has not acted with malice." *Id.* Special damages may be established by impairment of the land's vendibility or expenses incurred in removing the cloud on the plaintiff's title caused by the false statement. *Summa Corp.*, 655 P.2d at 515.

Plaintiff's only evidence of a false and malicious statement by BOA is that BOA's predecessor-in-interest caused a Substitution of Trustee to be recorded on October 22, 2009, substituting Recontrust Company, N.A. in the place of original trustee Equity Title of Nevada. (ECF No. 1 at 57.) Plaintiff points to the fact that the Substitution of Trustee was signed by Angela Nava, as assistant secretary of BOA's predecessor-in-interest, the same day Nava signed a Corporation Assignment of Deed of Trust, (ECF No. 1 at 55), as assistant secretary of Defendant MERS. Plaintiff argues this is evidence that Nava is a "robo-signer," and that the Substitution of Trustee is therefore false and invalid, and disparaged Plaintiff's title to the Property.

First, Plaintiff has not alleged sufficient facts to allow the court to find that there was an improper, or unauthorized, appointment of the successor trustee. The mere fact that the same person signed multiple documents does not establish, or even make it likely, that the person lacked authority to execute the documents. *See James v. ReconTrust Co.*, 845 F. Supp. 2d 1145, 1169 (D. Or. 2012). A person can wear two hats and act on behalf of multiple parties. *See id.* Accordingly, Plaintiff's allegations fail to state a plausible claim with respect to the elements of falsehood and malice.

In addition, Plaintiff has failed to make sufficient allegations of special damages, as required for her slander of title claim. In her Response, Plaintiff clarifies that her slander of title claim against BOA is "based on the prima facie evidence of notary fraud that exists on a certain substitution of trustee document recorded on Plaintiff's title." (Resp. 4, ECF No. 46.) However, Plaintiff has made no effort to allege facts supporting her contention that the allegedly invalid Substitution of Trustee had any effect on the vendibility of the Property. She has only made the conclusory allegation that she has "suffered punitive and special damages . . . [in] an amount of over $75,000 . . . ." (Compl. ¶¶ 103, 147, ECF No. 1.) Indeed, it is highly unlikely that any potential buyer would consider the Substitution of Trustee to be a cloud on the title.

Lastly, it is apparent from Plaintiff's Complaint and Response that her slander of title claim is actually grounded in allegations of notary fraud. Accordingly, this court finds that Plaintiff's claim must be pled with particularity under Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (Cal. 2003) ("In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."). Rule 9(b) requires that Plaintiff's claim include "the who, what, where, when, why, and how" in order state with particularity the circumstances constituting fraud. *Me v. LNV Corp.*, 2012 U.S. Dist. Lexis 50328, at *8–9, 2012 WL 1203403 (C.D. Cal. Apr. 10, 2012) (noting that "courts have consistently dismissed robo-signing fraud allegations when they are pled in a conclusory fashion without any factual support because this fails to comply with Rule 9(b)"). Likewise, this Court finds that Plaintiff has failed to allege the required factual matter to meet the pleading requirements of Rule 9.

/ / /

1  Accordingly, the Court grants the Motion to Dismiss the slander of title claim with
2  prejudice because amendment would be futile. *See United States v. Corinthian Colls.*, 655 F.3d
3  984, 995 (9th Cir. 2011) (stating that courts can decline leave to amend based on "bad faith,
4  undue delay, prejudice to the opposing party, futility of amendment").

### ii. Negligence and Breach of Implied Contract

Plaintiff's claims of negligence and breach of implied contract are both premised on the same factual allegations, and the Court will therefore consider them together. Plaintiff's premise is that BOA had a duty, contractual or otherwise, to notify Plaintiff that it had received notices from the HOA "regarding the HOA lien." (Resp. 6, ECF No. 46.) Plaintiff asserts BOA breached this alleged duty by failing to forward such notices to Plaintiff.

To prevail on a negligence theory in Nevada, a plaintiff must show that "(1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages." *Wiley v. Redd*, 885 P.2d 592, 595 (Nev. 1994). Plaintiff has not opposed BOA's Motion to Dismiss with respect to the negligence claim. "The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." D. Nev. Local R. 7-2(d); *see also Danielson v. Stratosphere, LLC*, No. 2:10-CV-2241, 2011 WL 1767809, at *1 (D. Nev. May 9, 2011) (Mahan, J.) (dismissing plaintiff's claims where plaintiff failed to respond to certain of defendant's arguments). Furthermore, and more importantly, Plaintiff's only allegation of BOA's negligence is that BOA received "notices" and did "nothing to protect a property that was still legally recorded under [its] name in public records." (Compl. ¶ 205, ECF No. 1.) However, Plaintiff has identified no statutory or common law duty of a lender to protect the borrower's property from foreclosure, or to notify a borrower of the potential

foreclosure of an HOA lien based on the borrower's failure to pay HOA assessments. The Court is aware of no such duty.

To prevail on a claim for breach of contract under Nevada law, a plaintiff must show: "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865)). Whereas the terms of an express contract are stated in words, "those of an implied contract are manifested by conduct." *Smith v. Recrion Corp.*, 541 P.2d 663, 664 (Nev. 1975). However, both types of contracts are founded upon an ascertainable agreement. *Back Streets, Inc. v. Campbell*, 601 P.2d 54, 55 (Nev. 1979).

Here, Plaintiff has identified no conduct on BOA's behalf manifesting an intent to enter into a contract. In fact, Plaintiff contends in her Response that "BOA is a party to the Deed of Trust by virtue of being one of the lender's 'successors and assigns.'" (Resp. 6, ECF No. 46.) It appears that Plaintiff, having labeled her claim a breach of implied contract, is actually asserting the existence of an express contract (i.e., the deed of trust). Either way, Plaintiff's claim fails. Again, Plaintiff has not identified any contractual obligation of BOA to notify Plaintiff of a potential HOA foreclosure. Plaintiff points to Section 4 of the deed of trust to support her assertion that BOA had a duty to send Plaintiff notices regarding the HOA lien. (*Id.*) However, under the plain language of the deed, BOA had no such duty. (*See* Deed of Trust § 4, ECF No. 1 at 33.) Section 4 imposes obligations on the borrower for the purpose of protecting BOA's lien against any other interests that may obtain priority over the deed of trust. (*See id.*) It does not require the lender to notify the borrower of a superior lien; rather, it permits the lender to provide such notification in order to trigger the borrower's obligation to protect the lender's interest from extinguishment. (*See id.* ("If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice

identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.").)

Therefore, Plaintiff has failed to plead that BOA had any duty—whether arising under statute, contract, or common law—to notify Plaintiff of the HOA's lien. The Court grants the Motion to Dismiss the negligence and breach of contract claims with prejudice, finding amendment of these claims would also be futile.

## IV.  JOINDER IN MOTION TO DISMISS (ECF NO. 45)

Defendants Fannie Mae, Seterus, and WFZ have joined in BOA's Motion to Dismiss. The joinder was filed the same day as Plaintiff's Response to the Motion to Dismiss, and just three days before such Response was due. Accordingly, Plaintiff has not had a full and fair opportunity to address the arguments raised in support of dismissing the claims of slander of title as pled against Fannie Mae, Seterus, and WFZ, and negligence and breach of implied contract as pled against Fannie Mae and Seterus. Plaintiff's Complaint makes factual allegations against Fannie Mae, Seterus, and WFZ that are not made against BOA. For example, the slander of title allegations against BOA, as noted in Plaintiff's Response, are limited to facts surrounding the recordation of a Substitution of Trustee. (Resp. 4–6, ECF No. 46.) In contrast, the Complaint clearly implicates Fannie Mae, Seterus, and WFZ in the allegedly fraudulent recordation of an assignment of the deed of trust. (Compl. 9–11, ECF No. 1.) Furthermore, certain arguments are raised in Fannie Mae, Seterus, and WFZ's motion to dismiss that were not raised by BOA.

Therefore, prior to ruling the Court will provide Plaintiff an opportunity to respond to the motion of Fannie Mae, Seterus, and WFZ, and demonstrate how, if at all, her claims might survive as against them where they have failed as against BOA. Plaintiff shall have fourteen days following entry of this order to file a response. Thereafter, Fannie Mae, Seterus, and WFZ shall have seven days to reply.

### V. MOTION FOR CLARIFICATION OF ORDER (ECF NO. 39)

BOA seeks clarification of the Court's September 1, 2016 Order. (ECF No. 31.) BOA argues the September 1, 2016 Order incorrectly stated that the Court had granted Plaintiff leave to amend one or more motions to dismiss in its prior order of August 3, 2016. (Mot. 3–4, ECF No. 39.) Moreover, the September 1, 2016 Order purports to permit Plaintiff to amend the motion filed as ECF No. 11, which was not originally filed by Plaintiff. (*Id.* at 4.)

The Court finds that the September 1, 2016 Order erroneously indicated the Court had previously granted leave to filed amended motions to dismiss. Rather, the August 3, 2016 Order was clear in that leave was granted to file *amended pleadings* to cure defects in certain identified claims and counterclaims. Therefore, the Court grants BOA's Motion for Clarification (ECF No. 39) and vacates the September 1, 2016 Order (ECF No. 31).

Due to the errors in the September 1, 2016 Order, the Court will grant the parties additional time to file amended pleadings. Plaintiff shall file an amended complaint, in accordance with the Court's August 3, 2016 Order, which granted leave to amend only her claim of fraud, no later than twenty-one days following entry of the instant order. Defendants Joel Stokes, Sandra Stokes, and JimiJack Irrevocable Trust may amend their counterclaims for abuse of process and conspiracy, in accordance with the Court's August 3, 2016 Order, no later than forty-two days following entry of the instant order.

### VI. MOTION TO STAY (ECF NO. 44)

Since the briefs were filed on this motion, the Ninth Circuit Court of Appeals denied the petition for en banc rehearing in *Bourne Valley Ct. Tr. v. Wells Fargo Bank, N.A.*, No. 15-15233 (9th Cir. Nov. 4, 2016). Accordingly, the Motion to Stay Proceedings is denied as moot.

/ / /

/ / /

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Set Aside Entry of Default (ECF No. 43) is GRANTED.

IT IS FURTHER ORDERED that BOA's Motion to Dismiss (ECF No. 36) is GRANTED without leave to amend. Plaintiff's claims of slander of title, negligence, and breach of implied contract are dismissed with prejudice as against Defendant Bank of America, N.A.

IT IS FURTHER ORDERED that Plaintiff shall have fourteen days from the date of entry of the instant order to file a response to the motion to dismiss of Fannie Mae, Seterus, and WFZ. (ECF No. 45.) Fannie Mae, Seterus, and WFZ shall have seven days thereafter to reply.

IT IS FURTHER ORDERED that the Motion for Clarification of Order (ECF No. 39) is GRANTED. The Court vacates its September 1, 2016 Order, (ECF No. 31), and grants the parties additional time to amend their pleadings in accordance with the Court's August 3, 2016 Order, (ECF No. 29). Plaintiff may amend her claim of fraud no later than twenty-one days following entry of the instant order. Defendants Joel Stokes, Sandra Stokes, and JimiJack Irrevocable Trust may amend their counterclaims of abuse of process and conspiracy no later than forty-two days following entry of the instant order.

IT IS FURTHER ORDERED that the Motion to Stay Proceedings (#44) is DENIED as moot.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

DATED: January 4, 2017.