**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IRMA MENDEZ,<br><br>        Plaintiff,<br><br>vs.<br><br>WRIGHT, FINDLAY AND ZAK LLP et al.,<br><br>        Defendants. | 2:16-cv-01077-RCJ-NJK<br><br>**ORDER** |

This case arises from a residential foreclosure by the Fiesta Del Norte Homeowners Association (the "HOA") for failure to pay HOA fees. Pending before the Court are three motions to dismiss. (ECF Nos. 45, 58, 67.) For the reasons given herein, the motions are granted.

**I.    FACTS AND PROCEDURAL BACKGROUND**

In 2005, Irma Mendez ("Plaintiff") purchased real property at 3416 Casa Alto Ave., North Las Vegas, Nevada, 89031 (the "Property") for $315,000, giving the lender a promissory note for $252,792 and a deed of trust against the Property securing the note. When Mendez became delinquent on her monthly assessment fees, non-party Alessi & Koenig ("Alessi") conducted a foreclosure sale to non-party Absolute Business Solutions, Inc. ("ABS"), on behalf of non-party Fiesta Del Norte Homeowners Association (the "HOA").

The HOA sale has given rise to three lawsuits now pending before this Court: *Mendez v. Fiesta Del Norte Homeowners Ass'n*, 2:15-cv-00314 (filed Feb. 23, 2015) ("the '314 Case");

*Absolute Bus. Sols., Inc. v. Mortg. Elec. Registration Sys., Inc.*, 2:15-cv-01325 (filed July 13, 2015) ("the '1325 Case"); and the instant case, *Mendez v. Wright, Findlay and Zak LLP*, 2:15-cv-01077 (filed May 13, 2016) ("the '1077 Case"). The procedural background of these cases was detailed in the Court's August 3, 2016 Order deciding several motions in this case, (ECF No. 29), and need not be repeated here. In the August 3, 2016 Order, the Court dismissed Plaintiff's claims of fraud, violation of the Dodd-Frank Act, and violation of the Fair Debt Collection Practices Act, with leave to amend as to the fraud claim only. (ECF No. 29 at 11–12.) On September 1, 2016, the Court issued another order, stating that the August 3, 2016 Order "granted Plaintiff Irma Mendez leave to amend in part Motions to Dismiss (ECF #11 and 18 in case No. 2:16-cv-1077)," and ordering that Plaintiff's amended motions to dismiss be filed no later than September 19, 2016. (ECF No. 31 at 1.)

Subsequently, on September 9, 2016, the Clerk of the Court entered default against Defendant Bank of America, N.A. ("BOA"), due to its failure to timely file a responsive pleading or otherwise defend against Plaintiff's claims. (ECF No. 34.) Also on September 9, BOA filed a response to Plaintiff's request for entry of default, (ECF No. 35), as well as a motion to dismiss Plaintiff's claims of slander of title, negligence, and breach of implied contract, (ECF No. 36). BOA later filed a motion to set aside the entry of default, citing inadvertent error and excusable neglect as the reasons for its failure to answer the Complaint. (ECF No. 43.) Then, on September 23, 2016, Defendants Fannie Mae, Seterus, and Wright, Findlay and Zak ("WFZ") joined BOA's motion to dismiss, additionally requesting that the Court dismiss the slander of title, negligence, and breach of implied contract claims as pled against them. (ECF No. 45.)

On January 4, 2017, the Court entered an omnibus order to resolve all pending motions. (Order, ECF No. 57.) The Court granted the motion to set aside the entry of default against BOA,

and then granted BOA's motion to dismiss the claims of slander of title, negligence, and breach of implied contract, without leave to amend. However, the Court deferred its ruling on the joinder to BOA's motion to dismiss, opting rather to give Plaintiff a full and fair opportunity to respond to the arguments for dismissal of Fannie Mae, Seterus, and WFZ. Lastly, the Court granted Plaintiff additional time to amend her Complaint in order to re-plead her previously dismissed fraud claim.

On January 10, 2017, Fannie Mae, Seterus, and WFZ filed another motion to dismiss Plaintiff's claims for declaratory judgment and for violations of the "Nevada Unfair Business Practices Act." (Mot. Dismiss, ECF No. 58.) On January 26, Plaintiff filed her First Amended Complaint ("FAC"). (Am. Compl., ECF No. 65.) On February 8, Fannie Mae, Seterus, and WFZ filed a motion to dismiss the claim of common law fraud from the FAC.

Therefore, now pending before the Court are three motions to dismiss, all filed by Fannie Mae, Seterus, and WFZ: the joinder to BOA's motion to dismiss the claims of slander of title, negligence, and breach of implied contract (ECF No. 45), the motion to dismiss the claims for declaratory judgment and for violations of the "Nevada Unfair Business Practices Act," (ECF No. 58), and the motion to dismiss the claim of fraud from the FAC (ECF No. 67).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary

judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III. ANALYSIS

### a. Slander of Title (Mot. Dismiss, ECF No. 45)

To establish a slander of title claim in Nevada, the plaintiff must show the defendant made a false and malicious statement which disparaged the plaintiff's title in land causing special damages. *Executive Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998). Recording a false document constitutes making a false statement. *Summa Corp. v. Greenspun*, 607 P.2d 569, 573 (Nev. 1980). A defendant makes a false statement maliciously if the defendant knew the statement was false or the defendant acted in reckless disregard of the statement's truth or falsity. *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983). "Where a defendant has reasonable grounds for belief in his claim, he has not acted with malice." *Id.* Special damages may be established by impairment of the land's vendibility or expenses incurred in removing the cloud on the plaintiff's title caused by the false statement. *Summa Corp.*, 655 P.2d at 515.

In her FAC, Plaintiff alleges that Fannie Mae, Seterus, and WFZ recorded, or caused to be recorded, two false and fraudulent documents: (1) a Corporate Assignment of Deed of Trust recorded November 13, 2014, whereby BOA transferred its interest in the Property to Fannie Mae (Assignment, ECF No. 1 at 72–73); and (2) a Substitution of Trustee recorded April 15, 2015, whereby First American Trustee Servicing Solutions, LLC was substituted as trustee under the DOT (Substitution, ECF No. 1 at 94–95).

Plaintiff argues that the November 2013 Assignment was false and fraudulent, because the recorded document stated that Seterus was the beneficiary of the DOT. (Am. Compl. ¶ 108, ECF No. 65.) Plaintiff is misreading the document. While the Assignment was prepared and recorded by Seterus, it plainly states that it is "the undersigned" that is transferring its beneficial interest in the DOT to Fannie Mae, the undersigned being BOA. Therefore, the Assignment simply does not make the false statement Plaintiff alleges it makes, and Plaintiff has failed to state a claim of slander of title with respect to the November 2013 Assignment.

Plaintiff also points to the fact that the April 2015 Substitution of Trustee was signed by Tiffany Bitsoi, as assistant secretary of Seterus, and alleges that Bitsoi does not, in fact, work for Seterus, but rather works for Security Connections, Inc. Plaintiff argues this is evidence that Bitsoi is a "robo-signer," and that the Substitution of Trustee is therefore false and invalid, and disparaged Plaintiff's title to the Property. The Court has already addressed these same arguments in its Order dismissing the slander of title claim as pled against BOA. (*See* Order 6–8, ECF No. 57.) For the reasons stated in that Order, the Court finds Plaintiff has failed to state a plausible claim of slander of title against Fannie Mae, Seterus, and WFZ with respect to the April 2015 Substitution. In brief, Plaintiff has failed to plausibly plead falsehood, malice, or special damages.

Accordingly, the Court dismisses the slander of title claim against Fannie Mae, Seterus, and WFZ, with prejudice because amendment would be futile. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (stating that courts can decline leave to amend based on "bad faith, undue delay, prejudice to the opposing party, futility of amendment").

**b. Negligence (Mot. Dismiss, ECF No. 45)**

To prevail on a negligence theory in Nevada, a plaintiff must show that "(1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the

breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages." *Wiley v. Redd*, 885 P.2d 592, 595 (Nev. 1994). "[A] financial institution does not owe a duty of care to a borrower when the lender's involvement in the loan transaction does not exceed the scope of its conventional role as a lender of money." *Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*, No. 2:10-cv-00510, 2012 WL 934294, at *2 (D. Nev. Mar. 20, 2012) (Navarro, J.) (quoting *Velasquez v. HSBC Mortg. Services*, No. 2:09–cv–00784, 2009 WL 2338852, at *5 (D. Nev. July 24, 2009) (Dawson, J.)); *see also Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096, 283 Cal. Rptr. 53, 56 (1991). "The lender is under no duty to ensure the success of the borrower's investment. Liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." *Id.*; *see also Wagner v. Benson*, 101 Cal. App. 3d 27, 35, 161 Cal. Rptr. 516, 521 (Ct. App. 1980).

First, the Court will dismiss the negligence claim against Fannie Mae because Plaintiff has simply failed to plead any element of the claim with respect to Fannie Mae. Moreover, a lender of money does not owe a duty to a borrower to protect the borrower's investment unless the lender actively participates in the financed enterprise beyond the domain of the usual money lender. Here, there is no allegation of active participation. Plaintiff has identified no statutory or common law duty of a lender to protect the borrower's property from foreclosure by an HOA, or to notify a borrower of the potential foreclosure of an HOA lien based on the borrower's failure to pay HOA assessments. The Court is aware of no such duty. Furthermore, Plaintiff was on notice, from the time she purchased the Property, that foreclosure was a possible consequence of a failure to pay HOA dues. The PUD Rider that Plaintiff signed expressly required Plaintiff as the borrower to perform all obligations under the HOA's Covenants, Conditions and Restrictions

("CC&Rs"). (PUD Rider § A, ECF No. 1 at 49.) In turn, the CC&Rs expressly provide that the HOA has a lien that can be enforced by sale of the Property. (Reply 10–11, ECF No. 64.)

Likewise, Seterus had no duty to protect the Property from foreclosure by the HOA. "[L]oan servicers do not owe a duty to the borrowers of the loans they service." *Osei v. GMAC Mortg.*, No. 2:09-cv-02534-JAM, 2010 WL 2557485, at *4 (E.D. Cal. June 21, 2010) (quoting *Pok v. Am. Home Mortgage Servicing, Inc.*, No. 2:09–2385, 2010 WL 476674, at *4 (E.D. Cal. Feb 3, 2010). Without the existence of a duty, Plaintiff has no claim for negligence against Seterus. *See Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1235 (D. Nev. 2009).

However, Plaintiff alleges that after she received a notice of delinquent assessments from the HOA's attorney, she called Seterus for advice and spoke with a representative in the Risk Analysis Department. (Am. Compl. ¶¶ 37–40, ECF No. 65.) Plaintiff alleges that Seterus assured her that the HOA could not foreclose on the Property, and that Plaintiff detrimentally relied on this assurance. (*Id.* at ¶¶ 41–44.) Subsequently, on February 24, 2016, the HOA foreclosed on the Property. (Trustee's Deed Upon Sale, ECF No. 1 at 60–61.) Although Plaintiff has pled common law negligence, these allegations appear better suited to a claim of negligent misrepresentation.

In Nevada, to state a negligent misrepresentation claim, a plaintiff must plead:

> 1) a representation that is false; 2) that the representation was made in the course of the defendant's business or . . . any action in which he has a pecuniary interest; 3) the representation was for the guidance of others in their business transactions; 4) the representation was justifiably relied upon; 5) that such reliance resulted in pecuniary loss to the relying party; and 6) that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information.

*Tene v. BAC Home Loan Servicing LP*, No. 11–CV–01095, 2012 WL 222920, *3 (D. Nev. Jan. 25, 2012) (Dawson, J.) (quoting *G.K. Las Vegas Limited Partnership v. Simon Property Group, Inc.*, 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006)). However, even if the Court were to construe Plaintiff's claim as one for negligent misrepresentation, the claim would fail. "[O]ne element of a

negligent misrepresentation claim is that the plaintiff must rely on the misrepresentation in engaging in a 'business or commercial transaction.'" *Cramer v. Bank of Am.*, No. 66132, 2015 WL 4611936, at *2 (Nev. July 31, 2015) (citing *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 449, 956 P.2d 1382, 1387 (Nev. 1998)). Plaintiff's decision not to cure her default and prevent the Property's foreclosure was not a business transaction.

Therefore, Plaintiff's negligence claim is dismissed with prejudice.

### c. Breach of Implied Contract (Mot. Dismiss, ECF No. 45)

To prevail on a claim for breach of contract under Nevada law, a plaintiff must show: "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865)). Whereas the terms of an express contract are stated in words, "those of an implied contract are manifested by conduct." *Smith v. Recrion Corp.*, 541 P.2d 663, 664 (Nev. 1975). However, both types of contracts are founded upon an ascertainable agreement. *Back Streets, Inc. v. Campbell*, 601 P.2d 54, 55 (Nev. 1979).

Here, Plaintiff has identified no conduct on the part of Fannie Mae or Seterus manifesting an intent to enter into a contract. In fact, Plaintiff alleges that "[a]n implied contract exists between Defendant Seterus and [Plaintiff] in the form of a deed or Deed of Trust or related documents." (Am. Compl. ¶ 255, ECF No. 65.) It appears that Plaintiff, having labeled her claim a breach of implied contract, is actually asserting the existence of an express written contract. Either way, Plaintiff's claim fails. Plaintiff has not identified any contractual obligation of Fannie Mae or Seterus to notify Plaintiff of a potential HOA foreclosure or to protect Plaintiff's interest in the Property. In her Response, Plaintiff first relies on language in the Deed of Trust that merely grants rights to the Lender and imposes obligations on the Borrower. (*See* Resp. 15,

ECF No. 60.) In no way does this language impose any duty on the lender or loan servicer for the benefit of Plaintiff. (*See, e.g.*, Order 10–11, ECF No. 57.)

Plaintiff next alleges a contract implied by statute under the Real Estate Settlement Procedures Act (RESPA) at 12 U.S.C. § 2605(k), which provides: "A servicer of a federal related mortgage shall not . . . fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties . . . ." The statute is inapposite, however, because when Plaintiff called Seterus, she was not inquiring about any "standard servicer's duty." She was current on her mortgage payments, no foreclosure proceedings had been initiated by the lender or loan servicer, and she was not calling regarding the status of her mortgage loan. Rather, Plaintiff called to inquire about the impending foreclosure of a lien held by the HOA, a party with which Seterus has no relationship. Seterus's realm of responsibility includes the lender's security interest in the Property, but not the HOA's. Therefore, RESPA does not impose any obligation on Seterus to provide information regarding a potential foreclosure by the HOA.

Plaintiff has alleged no facts to suggest that Fannie Mae or Seterus intended to enter into an agreement with her, and has thus failed to allege the existence of a valid implied contract. Therefore, the Court grants the Motion to Dismiss the breach of contract claim with prejudice, finding amendment of the claim would be futile.

### d. Declaratory Judgment (Mot. Dismiss, ECF No. 58)

In her claim for declaratory judgment, Plaintiff seeks to have all "Assignments of Deed," "Notice of Pendency" and any "assertion of Power of Attorney" declared void and expunged from the record. (Am. Compl. ¶¶ 234-37, ECF No. 65.) Mendez also seeks a declaration that she "is and remains fee owner of the property." (*Id.*) However, the pleading is devoid of factual

allegations; on this basis alone, the claim should be dismissed. Moreover, in her Response, Plaintiff's only factual assertion in support of the viability of her claim is that the HOA foreclosure sale was invalid and she is thus the rightful owner of the Property. (Resp. 7, ECF No. 62.) Fannie Mae, Seterus, and WFZ took no part in the HOA's foreclosure of the Property, and thus the mere fact that the HOA sale may be void does not provide a sufficient factual basis for a declaratory relief claim against them.

Moreover, the Nevada Supreme Court has held that a borrower lacks standing to challenge the assignment of a mortgage when the borrower is neither a party to the assignment nor a third-party beneficiary to the transaction. *Martinez v. Cent. Mortg. Co.*, 2016 LEXIS 29526 (D. Nev. March 7, 2016) (citing *Wood v. Germann*, 130 Nev. Adv. Op. 58, 331 P.3d 859, 860 (Nev. 2014)). Regardless of whether the HOA sale was valid or not, any assignment or substitution of trustee of the original DOT would have no effect on Plaintiff's obligations under the loan. Therefore, she was not injured by any such recorded instruments and has no standing to challenge them.

Accordingly, Plaintiff's claim for declaratory judgment, as pled against Fannie Mae, Seterus and WFZ, is dismissed without leave to amend.

### e. Violation of NRS 598.0903 *et seq.* (Mot. Dismiss, ECF No. 58)

Although Plaintiff refers to her claim as arising under the "Nevada Unfair Business Practices Act," she specifically pleads violations of NRS 598.0903 *et seq.* and NRS 598.0915. NRS Chapter 598 pertains to deceptive trade practices, and the Court will therefore construe her claim as alleging deceptive trade practices pursuant to that Chapter.

"This district has consistently recognized that Nevada's Deceptive Trade Practices Act does not apply to real property transactions, but to the sale of goods and services." *Arrastia v. W. Progressive, LLC*, No. 2:12-CV-00321, 2012 WL 3598271, at *3 (D. Nev. Aug. 17, 2012)

(George, J.); *see also Morris v. Green Tree Servicing, LLC*, No. 2:14–CV–01998–GMN-CWH, 2015 WL 4113212, at *15 (D. Nev. July 8, 2015) (Navarro, C.J.) (collecting cases); *Reyna v. Wells Fargo Bank, N.A.*, No. 2:10–CV–01730, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) (Dawson, J.) ("N.R.S. § 598 . . . applies only to goods and services and not to real estate loan transactions."); *Hagos v. Washington Mut. Bank*, No. 2:15-cv-01606, 2016 WL 3638111, at *5 (D. Nev. July 6, 2016) (Gordon, J.); *Dela Cruz v. HSBC Bank USA, N.A.*, No. 2:12-CV-01283, 2012 WL 3536793, at *4 (D. Nev. Aug. 15, 2012) (Du, J.); *Parker v. Greenpoint Mortg. Funding Inc.*, No. 3:11-CV-00039, 2011 WL 2923949, at *2 (D. Nev. July 15, 2011) (Reed, J.); *Rivera v. Nat'l Default Servicing Corp.*, No. 2:12-CV-629, 2012 WL 2789015, at *2 (D. Nev. July 6, 2012) (Mahan, J.). This Court, in particular, has agreed. *See, e.g.*, *Calavera v. Bank of America, N.A.*, No. 2:12-CV-177, 2012 WL 1681813, at *6 (D. Nev. May 14, 2012) (Jones, J.). Plaintiff's claim deals with the conduct of Fannie Mae and Seterus relative to a non-judicial foreclosure of real property by an HOA, as opposed to anything that could be deemed a transaction for goods or services. Therefore, because NRS Chapter 598 does not apply to real property transactions, the motion to dismiss is granted without leave to amend.

### f. Fraud (Mot. Dismiss, ECF No. 67)

The elements of common law fraud in Nevada are: (1) a false representation made by the defendant; (2) Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) Plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992) (citing *Lubbe v. Barba*, 540 P.2d 115, 117 (Nev. 1975)). Circumstances constituting fraud or mistake must be stated with particularity. Fed. R. Civ. P. 9(b). A Plaintiff must plead facts such as "he bought a house from defendant, that the

defendant assured him that it was in perfect shape, and that in fact the house turned out to be built on a landfill . . . ." *Warshaw v. Xoma Corp.*, 74 F.3d 955, 960 (9th Cir. 1996) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1995) (en banc)).

The Court previously dismissed Plaintiff's fraud claim for failure to plead its elements with particularity and failure to plead her reliance on allegedly false recordings. (Order 28–29, ECF No. 29.) In the FAC, Plaintiff has failed to cure the deficiencies in her original pleading. With respect to the allegedly fraudulent recorded instruments, Plaintiff has simply made the conclusory allegation that she "relied on the recorded documents as true and accurate." (Am. Compl. ¶ 163, ECF No. 65.) This is not enough to achieve plausibility. Plaintiff must include facts to illustrate how she relied on the documents and how her reliance on the documents caused her injury.

The only allegedly fraudulent statement on which Plaintiff may have plausibly pled her reliance is Seterus's statement that it was "impossible" for the HOA to foreclose on the Property. However, Plaintiff has not sufficiently pled that Seterus knew or believed the statement to be false, or that Seterus intended to induce Plaintiff to act in reliance on the statement. In fact, the statement Seterus allegedly made was against the interest of Seterus as well as any party with an interest in the DOT, because an impending HOA foreclosure, in a superpriority state like Nevada, could threaten the continued viability of the DOT. The Court cannot merely assume, without specific facts in the pleading, that Seterus intended to induce Plaintiff to allow the HOA foreclosure to proceed.

Therefore, having allowed Plaintiff an opportunity to amend her claim of fraud, the Court will now dismiss the claim in its entirety, with prejudice.

/ / /

/ / /

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 45, 58, 67) are GRANTED.

IT IS SO ORDERED. June 14, 2017

_____
ROBERT C. JONES
United States District Judge