**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|   |   |
|---|---|
| IRMA MENDEZ, | ) |
| Plaintiff, | ) 2:16-cv-01077-RCJ-NJK |
| vs. | ) |
| WRIGHT, FINLAY & ZAK, LLP et al., | ) **ORDER** |
| Defendants. | ) |

This case is one of three consolidated cases arising out of the foreclosure of a residential investment property. Pending before the Court are a motion to reopen the case, a motion for judgment, and a motion for summary judgment.

**I.      FACTS AND PROCEDURAL HISTORY**

Plaintiff Irma Mendez purchased an investment property in North Las Vegas, Nevada ("the Property") for $315,000, giving the lender a promissory note for $252,792 and a deed of trust ("the DOT") against the Property. Alessi & Koenig, LLC ("A&K"), on behalf of Fiesta Del Notre Homeowners Association ("the HOA"), sold the Property to Absolute Business Solutions, Inc. ("ABS") under Nevada Revised Statutes ("NRS") Chapter 116. Plaintiff sued A&K, the HOA, Complete Association Management Co., LLC, ABS, and Amir Hujjuttallah in this Court *in pro se* on eight causes of action ("the '314 Case"). After several amendments and pretrial

motions, most of the claims in the '314 Case have been adjudicated. ABS separately brought a quiet title action for a declaration of the extinguishment of the DOT via the Chapter 116 sale ("the '1325 Case"). The Federal National Mortgage Association ("Fannie Mae") and the Federal Housing Finance Agency intervened in the '1325 Case, and the Court granted them summary judgment, ruling that the DOT survived the Chapter 116 sale under *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016).

The present case is a quiet title action brought by Plaintiff that listed several other statutory and common law torts. The Court granted several motions to dismiss and closed the case when Defendants informed the Court at a recent status conference (which Plaintiff did not attend) that no claims remained. Plaintiff has filed motions to reconsider and for summary judgment, arguing that she was unable to attend the status conference due to a family emergency and that the claims for quiet title and slander of title remain against Joel and Sandra Stokes, trustees of the Jimijack Irrevocable Trust ("the Trust Defendants"). Three Defendants have moved for entry of judgment.

## II.     DISCUSSION

Plaintiff argues that a family emergency prevented her from attending the August 9, 2017 status conference, and that her claim to quiet title against the Trust Defendants has not been adjudicated. Plaintiff claims her husband was in the emergency room several days prior to the hearing. Plaintiff claims she contacted the courtroom deputy to report her inability to appear. Plaintiff filed a notice in the '314 Case on August 8, 2017 (ECF No. 186) indicating that her husband had been admitted to the hospital in San Diego on August 6, 2017 and requesting a continuance. But despite three days between her husband's admittance and the hearing, Plaintiff did not seek to appear telephonically, an option the Court routinely grants. Plaintiff herself

appeared telephonically before the Magistrate Judge in January 2017 in the '1325 Case, so she cannot claim to have been unaware of that option. But she did not request it, and the Court granted no continuance.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of not reopening the case. These three related cases have been ongoing for over two years. Two of the cases involve quiet title actions as to the same Property, and it is in the public interest to resolve the title to the Property expeditiously for the sake of potential buyers, lenders, renters, etc. The third factor—risk of prejudice to Defendants—weighs strongly in favor of not reopening the case, because the case will cloud the title for potential sale or lease of real property at issue while it remains open. The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal. In any case, the fourth factor is not prominent in this case, where the quiet title claim against the Trust Defendants is likely subject to dismissal for failure to state a claim. The Amended Complaint does not make allegations plausibly indicating any defect in the sale to Trust Defendants under state law, which would be the only basis for victory on that claim. (*See* Am. Compl. 8–12, ECF No. 65). Fifth, the Court must consider whether there is a less drastic sanction than to refuse to reopen the case. As noted *supra*, Plaintiff had adequate warning of the hearing and had previously taken advantage of the opportunity to appear telephonically. But she made no such request this time despite knowing of her potential inability to appear in person three days before the hearing. The Court might consider awarding the fees associated with the appearance of Defendants' counsel as an alternative sanction, but that would not ameliorate the prejudice to the Trust Defendants of having the cloud to their title restored. Especially considering the weakness of the quiet title claim, that would be inequitable.

Next, the Court denies as moot Wright, Finlay & Zak, LLP's, Seterus, Inc.'s, and Fannie Mae's joint motion for entry of final judgment under Rule 54(b) and will order the Clerk to enter

final judgment in the case. Finally, the Court notes that it would deny Plaintiff's motion for offensive summary judgment against the Trust Defendants even if the Court were to reopen the case. Plaintiff argues that the Court's ruling in the '1325 Case entitles her to a declaration that the foreclosure sale was null and void and that title to the Property should be restored to her. But the Court's ruling in the '1325 Case that the DOT survived the HOA sale does not imply that remedy. The Court ruled that the DOT survived the Chapter 116 sale because of the constitutional infirmity of the opt-in notice scheme. The Court did not rule that the foreclosure sale was altogether void such that Plaintiff's title should be restored. That might be a remedy if the foreclosure did not conform to state law, but Plaintiff adduces no such evidence. Indeed, as the Court has noted, the Amended Complaint does not even make out a plausible prima facie claim to that effect. Also, the motion is untimely under the Scheduling Order.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reopen Case (ECF No. 74) and the Motion for Summary Judgment (ECF No. 77) are DENIED.

IT IS FURTHER ORDERED that the Motion for Judgment (ECF No. 75) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall correct Defendant's name in the docket to "Wright, Finlay & Zak, LLP."

IT IS FURTHER ORDERED that the Clerk shall enter judgment.

IT IS SO ORDERED.

Dated this 1st day of November, 2017.

_____
ROBERT C. JONES
United States District Judge